## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

National Commerce Exchange Group

v.

Time Minder Communications, Inc.
and Curtis B. Uhre

February 1, 1988

Case No. (Law) 10539

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on the Motion of Defendant Curtis B. Uhre to Quash the Service of Process and to Set Aside Judgment by Default. For the following reasons the Motion must be granted.

On March 31, 1986, Plaintiff filed a Motion for Judgment against Defendants Uhre and Time Minder Communications, Inc. An Affidavit of Non-residency was filed as to Uhre and service was requested on the Secretary of the Commonwealth pursuant to Section 8.01-329. Service on the corporation's registered agent was returned "Not Found." No further action has been taken against the corporation.

Uhre appeared in Court on January 13, 1988, to argue against the taking of the default and asserted the argument that he had not actually received the Notice of Motion for Judgment. The default was granted as to Uhre's liability and the matter of damages reserved for further hearing. Prior to the expiration of twenty-one days, counsel for Uhre entered his appearance, an order was entered suspending the running of the twenty-one day time limit and the matter argued.

Counsel for Uhre asserts several grounds as to why the default should be set aside. All but one of these were ruled upon at the hearing and denied. Counsel for Uhre asserts and the file does reveal that after service of process on the Secretary of the Commonwealth, no Affidavit of Compliance was filed by the Secretary attesting to the fact that a mailing was made to Defendant's last known address.

Under Section 8.01-329(B) as worded at the time of the filing of this action service on the Secretary of the Commonwealth "shall be sufficient upon the person to be served, provided that notice of such service, a copy of the process or notice and a copy of the affidavit are forthwith sent by registered or certified mail with delivery receipt requested, by the Secretary. . . and an Affidavit of Compliance herewith by the Secretary . . . shall be forthwith filed with the papers in the action." It should also be noted that Section 8.01-312 requires the filing of an Affidavit of Compliance by a statutory agent such as the Secretary.

Hence, the service in this case is not sufficient. The default judgment against Uhre is void and must be set aside.